UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANDREW RAY WILSON,

       Plaintiff,
v.

CAPSTONE DEVICES, INC.,
WILLIAM P. BLACK,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ANDREW RAY WILSON ("Wilson"), brings this action against Defendants, CAPSTONE DEVICES, INC. ("Capstone") and WILLIAM P. BLACK ("Black"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Wilson was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Capstone was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Black is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Capstone, ran the day-to-day operations and had operational control over Capstone, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Wilson.

5. Capstone's business involves medical device sales.

6. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

7. Upon information and belief, Capstone's gross sales or business done was in excess of $500,000 per year at all times material hereto.

8. Capstone was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9. At all times material hereto, Wilson engaged in interstate communication on a regular and recurrent basis including but not limited to phone, emails, and texts with vendors in New York, Texas, Tennessee.

10. At all times material hereto, Wilson engaged in interstate shipping and receiving on a regular and recurrent basis including but not limited to medical devices out of state as part of his employment.

11. Wilson engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

12. Wilson worked for Defendants as a medical consultant.

13. Defendants failed to pay Wilson's full and proper minimum wages.

14. Defendants failed to pay Wilson's full and proper overtime wages.

15. Defendants knowingly and willfully refused to pay Wilson's legally-entitled wages.

16. Attached as **Exhibit A** is a preliminary calculation of Wilson's claims. These amounts may change as Wilson engages in the discovery process.

17. Wilson retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

19. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

20. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791